UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN REGER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:16-cv-778-JD-MGG |
| ) | |
| ARIZONA RV CENTERS, LLC and ) | |
| THOR MOTOR COACH, INC. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ARIZONA RV CENTERS, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

*Answer*

Arizona RV Centers, LLC ("ARV"), by counsel, answers Plaintiff's Second Amended Complaint:

**PRELIMINARY STATEMENT**

This is an action arising out of a purchase of a defective RV. Plaintiff sues for revocation of acceptance, cancellation of his contract, warranty damages, and fraud.

**ANSWER**:  **ARV denies the allegations contained in this unnumbered paragraph.**

**JURISDICTION AND VENUE**

Diversity jurisdiction arises under 28 U.S.C. §1332. Plaintiff is a citizen of Illinois. Arizona RV Centers is a Minnesota corporation, doing business in Arizona. Thor is a Delaware corporation, with its principal place of business in Elkhart County, Indiana. The amount of controversy exceeds $75,000.00.  Under Thor's choice of venue provision in its warranty contract, the action must be brought in Elkhart County, IN.  Alternatively, jurisdiction arises under the Magnuson-Moss Warranty Act, a federal statute, because the amount in controversy in this suit exceeds $50,000.00.  15 U.S.C. §2310(d)(3)(B).

**ANSWER:  ARV admits Arizona RV Centers, LLC is a Minnesota limited liability company doing business in Arizona and that, upon information and belief, TMC is a Delaware corporation with a principal place of business in Elkhart County. ARV further admits that Plaintiff and TMC agreed to litigate any dispute between them in Elkhart County.  ARV denies the amount in controversy in this suit exceeds $50,000.**

1

# I. BACKGROUND

### The Parties

1. Plaintiff Kevin Reger is a natural person.

   **ANSWER**:  ARV admits paragraph 1.

2. The subject vehicle was bought for personal use.

   **ANSWER:**   ARV is without information or knowledge sufficient to admit or deny the allegations of paragraph 2; proof thereof, if admissible, is requested.

3. Defendant Arizona RV Centers, LLC (d/b/a "Camping World of Mesa AZ" and/or "Camping Word RV Sales") is a Minnesota corporation.  Arizona RV's agent for service of process is CT Corporation System, 3800 N. Central Avenue, Suite 460, Phoenix, AZ, 85012.

   **ANSWER:**   ARV admits it is a Minnesota limited liability company and its registered agent for service of process is CT Corporation System, 3800 N. Central Avenue, Suite 460, Phoenix, AZ, 85012.

4. Defendant Thor Motor Coach, Inc., is a Delaware corporation.  Thor's agent for service of process is CT Corporation System, 150 West Market Street, Indianapolis, IN 46204.

   **ANSWER:**  Upon information and belief, ARV admits paragraph 4.

### The Facts

5. On August 21, 2015, Plaintiff bought a new 44MT Tuscany RV from Arizona RV Centers and Thor, for $282,999.00. Exhibit A, the parties' contract.

   **ANSWER: ARV denies paragraph 5.**

6. As part of the sale, the RV came with Thor's warranty, which was one of the contractual documents in the three-party contract between Plaintiff, Arizona RV Centers, and Thor.

   **ANSWER: ARV denies paragraph 6.**

7. This warranty was the parties' basis of the bargain and a contractual document, thereby establishing privity of contract between Plaintiff and Thor.

   **ANSWER: ARV denies paragraph 7.**

8. The relevant portion of the warranty is attached hereto as Exhibit B.

   **ANSWER: ARV admits that upon information and belief a copy of defendant Thor's Limited Warranty is attached to Plaintiff's Complaint. ARV denies the remainder of paragraph 8.**

9. Under the warranty contract between Plaintiff and Thor, Thor Motor Sales attempted to

disclaim incidental and consequential damages.

**ANSWER: ARV denies paragraph 9.  Such damages were, in fact, disclaimed.**

10. After the purchase, Plaintiff discovered that the RV was not "new," because, on information and belief, Arizona RV used the RV as a demo in RV shows.  Additionally, on information and belief, Arizona RV damaged the front end of the RV, resulting in body misalignment and paint issues (including "orange peel," indicating prior repair), and making the RV not "new."

**ANSWER: ARV denies paragraph 10.**

11. After the purchase, Plaintiff discovered that Arizona RV failed to inspect the RV, even though it charged him for it.

**ANSWER: ARV is without information or knowledge sufficient to admit or deny the allegations of paragraph 11; proof thereof, if admissible, is requested.**

12. Had Arizona RV inspected the RV, if would have discovered a severe rust problem on RV's frame rails and chassis and coach frame, and Plaintiff would have not bought it.

**ANSWER: ARV denies paragraph 12.**

13. When Plaintiff asked Thor to repair the rust under its warranty, Thor refused.

**ANSWER: ARV denies paragraph 13.**

14. In addition to selling him an RV with rusted frame rails, chassis, and coach frame, Thor also extended the frame rails, making the frame structurally unsound. The frame rails defect was caused by Thor's bad workmanship and materials, insofar as, on information and belief, Thor worked on the frame rails by cutting them (thereby weakening the steel), inserting additional railing, inappropriate for this type of frame rails as an extension, and failing to weld the inserts correctly (Plaintiff complained to Thor on September 25, 2016, about "poor welding job"), thereby allowing frame rails to flex and/or move excessively. On information and belief, the coach frame defect was caused either by leaving the component parts of the frame outside subject to the outside elements without protection, or by defective materials.

**ANSWER: ARV denies paragraph 14.**

15. Plaintiff brought to Thor's attention cracks in RV's roof, which, on information and belief, occurred because of excessive flexing and movement of the RV's structure, on information and belief caused by either the chassis frame extension, or by improper attachment of the coach frame to the chassis, or by poor assembly of the coach frame itself. Thor deceptively attempted to conceal this lack of structural integrity of the RV and defective materials used in making the roof, by minimizing the problem and merely painting over the cracks.  The roof defect occurred because Thor made the roof with defective materials, given that Thor designed the roof not to crack.

**ANSWER: ARV denies paragraph 15.**

16. Thor breached its warranty contract by being unable to repair the RV, by refusing to repair

3

it, and by making "sham" repairs (such as merely painting over the roof cracks). Both Defendants breached their implied warranties by selling an unmerchantable RV, which is not "new," has a massive rust problem (caused by using defective materials, such as rusted-out frame rails), and has structural issues (on information and belief, due to the unworkman-like extension of the chassis frame rails by Thor). Within a month of the purchase, Plaintiff revoked his acceptance and cancelled his contract.

**ANSWER: ARV denies paragraph 16.**

17. Because Thor failed to repair or replace the RV within a reasonable time, Plaintiff did not receive the benefit of the bargain—a non-defective RV—and the limited remedy of replacement or repair of defective parts of the RV failed its essential purpose, allowing Plaintiff to recover incidental and consequential damages under section 26-1-2-719 of the Indiana Commercial Code, because the exclusion was unconscionable.

**ANSWER: ARV denies paragraph 17.**

18. As a result of Thor's actions, the RV is and remains un-repaired.

**ANSWER: ARV denies paragraph 18.**

## II.   CAUSES OF ACTION

**Count I—Magnuson-Moss Warranty Act: Breach of the Implied Warranty of Merchantability, Equitable and Legal Relief, Against Thor**

19. Plaintiff re-alleges all the factual allegations contained in all other paragraphs of this Complaint, and incorporates them herein by reference.

**ANSWER:  As Plaintiff acknowledges, Count I has already been dismissed by the Court and is no longer at issue.  Notwithstanding this, and without consenting to litigate these claims further, ARV reasserts its answers to all other paragraphs of this Complaint.**

20. Thor is a merchant with respect to car, such as the RV sold to Plaintiff.

**ANSWER:  As Plaintiff acknowledges, Count I has already been dismissed by the Court and is no longer at issue.  Notwithstanding this, and without consenting to litigate these claims further, ARV denies this paragraph.**

21. An implied warranty that the RV was merchantable arose by operation of law as part of the sale, because the RV came with a Thor express warranty, and, by virtue of giving Plaintiff a warranty and by virtue of its attempt to disclaim incidental and consequential damages, Thor was in privity of contract with Plaintiff.

**ANSWER:  As Plaintiff acknowledges, Count I has already been dismissed by the Court and is no longer at issue.  Notwithstanding this, and without consenting to litigate these claims further, ARV denies this paragraph.**

22. Section 2310(d) of the Magnuson-Moss Warranty Act provides, in relevant part:

> a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied

>   warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>
>   (A) in any court of competent jurisdiction ***.

**ANSWER:  As Plaintiff acknowledges, Count I has already been dismissed by the Court and is no longer at issue.  Notwithstanding this, and without consenting to litigate these claims further, ARV denies this paragraph.**

23. As described above, the RV is defective and unmerchantable, in that it had multiple defects, such as rusted out frame and chassis, and structural infirmities due to extension of the chassis by Thor.  In addition, it was unmerchantable because it was not "new."  Such defects existed when the RV left Thor's control.

**ANSWER:  As Plaintiff acknowledges, Count I has already been dismissed by the Court and is no longer at issue.  Notwithstanding this, and without consenting to litigate these claims further, ARV denies this paragraph.**

24. Because the RV was not in a merchantable condition when sold, in that, among others, it was not fit for the ordinary purposes for which such goods are used, and would not pass in trade under the contract description, Thor breached the implied warranty of merchantability.

**ANSWER:  As Plaintiff acknowledges, Count I has already been dismissed by the Court and is no longer at issue.  Notwithstanding this, and without consenting to litigate these claims further, ARV denies this paragraph.**

25. Plaintiff notified Thor of the defects in the RV within a reasonable time after Plaintiff discovered the breach.

**ANSWER:  As Plaintiff acknowledges, Count I has already been dismissed by the Court and is no longer at issue.  Notwithstanding this, and without consenting to litigate these claims further, ARV denies this paragraph.**

26. As a result of Thor's breach of the implied warranty of merchantability, Plaintiff suffered damages.

**ANSWER:  As Plaintiff acknowledges, Count I has already been dismissed by the Court and is no longer at issue.  Notwithstanding this, and without consenting to litigate these claims further, ARV denies this paragraph.**

27. Thor's breach of the implied warranty of merchantability constitutes a violation of 15 U.S.C. §2310(d).

**ANSWER:  As Plaintiff acknowledges, Count I has already been dismissed by the Court and is no longer at issue.  Notwithstanding this, and without consenting to litigate these claims further, ARV denies this paragraph.**

**Count II—Magnuson-Moss Warranty Act: Breach of Express Warranty, Against Thor**

28. Plaintiff re-alleges all the factual allegations contained in all other paragraphs of this

Complaint, and incorporates them herein by reference.

**ANSWER:  ARV reasserts its answers to all other paragraphs of this Complaint.**

29. The vehicle described above is a "consumer product," as defined by the Act, because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.  15 U.S.C. §2301(1).

**ANSWER:  ARV is without information or knowledge sufficient to admit or deny paragraph 30; proof thereof, if admissible, is requested.**

30. Plaintiff is a natural person.

**ANSWER:  ARV admits paragraph 31.**

31. Plaintiff is a "consumer," as defined in the Act.  15 U.S.C. §2301(3).

**ANSWER:  ARV is without information or knowledge sufficient to admit or deny paragraph 31; proof thereof, if admissible, is requested.**

32. Thor is a "supplier" and "warrantor," as defined in the Act.  15 U.S.C. §2301(4) and (5).

**ANSWER:  To the extent paragraph 32 is not a legal conclusion for which no answer is required, ARV denies it.**

33. The manufacturer's warranty described in paragraph 8 is a "written warranty," as defined in the Act.  15 U.S.C. §2301(6).

**ANSWER:  To the extent paragraph 33 is not a legal conclusion for which no answer is required, ARV denies it.**

34. Section 2310(d) of the Magnuson-Moss Warranty Act provides, in relevant part:

> a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>
> in any court of competent jurisdiction ***.

**ANSWER:  To the extent paragraph 34 is not a legal conclusion for which no answer is required, ARV denies it.**

35. Plaintiff's purchase of the RV was induced by Thor.

**ANSWER:  ARV denies paragraph 35.**

36. As described above, the RV is defective, either with respect to materials or workmanship, and, as evident from the rusted out frame and chassis and structural issues that arose because of Thor's extension of the chassis, and such defects existed when it left Thor.

**ANSWER:  ARV denies paragraph 36.**

37. Because Thor was unable to, refused to repair the RV, or performed "sham" repairs, Thor breached the express warranty.

**ANSWER:  ARV denies paragraph 37.**

38. Plaintiff notified Thor of the defects in the RV within a reasonable time after Plaintiff discovered the breach. Plaintiff complied with all of Thor's warranty terms, including Thor's back up remedy, as follows:

    a. Plaintiff brought the RV to Thor three (3) times, giving Thor multiple opportunities to repair the defects, and Thor was either unable to repair them, or (as in the case of rust) simply refused to repair them, or (as in the case of cracked roof) performed deceptive "sham" repairs; and,

    b. With respect Thor's back-up remedy, Plaintiff alleges "incurable" defects. These incurable defects include the rust, frame rail extension, and roof cracks. These defects are incurable, because to "repair" them would mean scrapping the entire RV, á la Vietnam-era adage of "we had to destroy the village in order to save it." In accordance with Thor's back-up remedy provision, Plaintiff, on October 29, 2017, in writing requested that Thor pay him his diminution of value damages. On November 1, 2017, Thor refused Plaintiff's request.  By making a pre-suit demand for diminished value damages occasioned by incurable defects, Plaintiff complied with Thor's back-up remedy.

**ANSWER:  ARV denies paragraph 38.**

39. By not repairing the RV under the terms of its warranty, by refusing the RV under the terms of its warranty, and by actually covering up warranty issues by making sham repairs (as in the case of the roof cracks), Thor breached its obligations under its warranty.  Thor's breach of the express warranty constitutes a violation of 15 U.S.C. §2310(d).

**ANSWER:  ARV denies paragraph 39.**

### Count III—Indiana Deceptive Consumer Sales Act (§24-5-0.5-3), Against Thor

40. Plaintiff re-alleges all the factual allegations contained in all other paragraphs of this Complaint, and incorporates them herein by reference.

**ANSWER:  ARV reasserts its answers to all other paragraphs of the Complaint.**

41. As described above, Thor sold Plaintiff an RV that had a rusted out frame and chassis, which was structurally unsound because of its extension.  Under Indiana Deceptive Consumer Sales Act, Plaintiff gave Thor notice in writing on October 29, 2017.

**ANSWER:  ARV denies paragraph 41.**

42. Thor concealed these problems with the RV both pre- and post-sale. Moreover, when Plaintiff brought to Thor's attention cracks on the roof (on information, due to the excessive flexing caused by the extended frame rails, or because of the improper attachment of the coach frame, or because of improper assembly of the coach frame), Thor, in violation of its obligations, refused to acknowledge the problem, and slapped on

7

gel coat to hide the cracks. When Plaintiff later sanded the roof, he found out that, in fact, the roof fiberglass was cracked. Thor also attempted to cover up the rust problem on the interior of the RV by painting over it and also falsely blaming the corrosion on road salt. Specifically:

> Who: Defendant Thor, by its employees, names unknown at this time;
> What: Concealment of two defects: (1) cracks on the roof; (2) frame rust;
> When: June of 2016 for (1); October of 2015 for (2);
> Where: (1) Thor's repair facility, Wakarusa, Indiana; (2) Arizona RV sales lot, Mesa, AZ.
> How: (1) By slapping on a gel coat to hide the cracks; (2) by painting over rust and by verbally falsely attributing the corrosion to road salt, when, in fact, the chassis, frame rails, and coach frame were rusted out on Thor's lot, pre-assembly, because, on information and belief, Thor left them to rust there and consequently used these defective materials in assembling the RV.

**ANSWER: ARV denies paragraph 42.**

43. This concealment was an unfair and deceptive act or practice in violation of the Act.

**ANSWER: ARV denies paragraph 43.**

**Count IV—Magnuson-Moss Warranty Act: Breach of the Implied Warranty of Merchantability, Equitable and Legal Relief, Against Arizona RV**

44. Plaintiff re-alleges all the factual allegations contained in all other paragraphs of this Complaint, and incorporates them herein by reference.

**ANSWER: ARV reasserts its answers to all other paragraphs of the Complaint.**

45. Even though Arizona RV attempted to disclaim implied warranties, its disclaimer was in effective, because it was not conspicuous. Exhibit A, p. 2.

**ANSWER: ARV denies paragraph 45.**

46. Alternatively, Arizona's RV attempted disclaimer of implied warranties was ineffective because it "entered into" a service contract with Plaintiff, and, under Section 2308(a) it could not disclaim implied warranties as a matter of law. Exhibit C, p. 2 ("In the event of a Mechanical Breakdown, take the Unit to the dealer that sold You this Agreement, if at all possible.")

**ANSWER: ARV denies paragraph 46.**

47. Section 2310(d) of the Magnuson-Moss Warranty Act provides, in relevant part:

> a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>
> in any court of competent jurisdiction ***.

**ANSWER: To the extent paragraph 47 is not a legal conclusion for which no answer is required, ARV denies it.**

48. As described above, the RV is defective and unmerchantable, in that it had multiple defects, such as rusted out frame rails, chassis, and coach frame, unrepairable mirrors, and structural integrity was compromised due to extension of the frame rails by Thor. In addition, it was unmerchantable because it was not "new." Such defects existed when the RV left Thor's control.

**ANSWER: ARV denies paragraph 48.**

49. Because the RV was not in a merchantable condition when sold, in that, among others, it was not fit for the ordinary purposes for which such goods are used, and would not pass in trade under the contract description, Thor breached the implied warranty of merchantability.

**ANSWER: ARV denies paragraph 49.**

50. Plaintiff notified Arizona RV of the defects in the RV within a reasonable time after Plaintiff discovered the breach, and gave Arizona RV an opportunity to repair the defects. However, Arizona RV either failed to repair them, or refused to repair them.

**ANSWER: ARV denies paragraph 50.**

51. As a result of Arizona RV's breach of the implied warranty of merchantability, Plaintiff suffered damages.

**ANSWER: ARV denies paragraph 51.**

52. Arizona RV's breach of the implied warranty of merchantability constitutes a violation of 15 U.S.C. §2310(d).

**ANSWER: ARV denies paragraph 52.**

**Count V— Revocation of Acceptance, Cancellation of Contract under Arizona Commercial Code (§§47-2608 and 46-2711, Arizona Revised Statutes), Against Arizona RV**

53. Plaintiff re-alleges all the factual allegations contained in all other paragraphs of this Complaint, and incorporates them herein by reference.

**ANSWER: ARV reasserts its answers to all other paragraphs of the Complaint.**

54. Because the RV was not "new," because it had a rusted-out frame and chassis, and because, on information and belief, its structural integrity was compromised, and because, on information and belief, it sustained undisclosed pre-sale damage to its right front end, its value was substantially impaired to Plaintiff.

**ANSWER: ARV denies paragraph 54.**

55. Plaintiff revoked his acceptance and canceled his contract within a month after the purchase.

**ANSWER: ARV denies paragraph 55.**

56. Arizona RV refused to return his money and cancel the sale.

**ANSWER: ARV denies paragraph 56 because it implies a legal duty to cancel the sale or return money which did not exist.**

57. Unable to buy replacement goods, Plaintiff continued to use the RV in mitigation of his damages.

**ANSWER: ARV admits Plaintiff has continued to use his RV; ARV denies the remainder of paragraph 57.**

58. The RV is in the same condition as at sale, except for the defects that existed at the time of the sale (i.e., rusted out frame and chassis, and the problem with its structural integrity due to the extension of the frame).

**ANSWER: ARV denies paragraph 58.**

59. Revocation of acceptance and cancellation of contract are UCC self-help remedies.

**ANSWER: ARV denies paragraph 59.**

60. Because the value of the RV is substantially impaired to Plaintiff, he was justified in revoking his acceptance and canceling his contract with Arizona RV.

**ANSWER: ARV denies paragraph 60.**

**Count VI— Arizona Consumer Fraud Act (§44-1522, Arizona Revised Statutes), Against Arizona RV**

61. Plaintiff re-alleges all the factual allegations contained in all other paragraphs of this Complaint, and incorporates them herein by reference.

**ANSWER: ARV reasserts its answers to all other paragraphs of the Complaint.**

62. As described above, Arizona RV sold Plaintiff an RV that was not "new" (on information and belief Defendant used it as a "demo" for RV shows).

**ANSWER: ARV denies paragraph 62.**

63. As described above, Arizona RV charged Plaintiff an inspection fee and did no inspection. Plaintiff learned about this fact sometime after November 26, 2015, when he received a phone call from Shawn Williams, former General Manager of Arizona RV, during which Mr. Williams (who was trying to get Plaintiff to agree to invest in his new RV dealership) disclosed to Plaintiff that the inspection had not been performed, and that the Arizona RV employee responsible for this was fired. During the same phone call, some time after November 26, 2015, Mr. Williams informed Plaintiff that the supposedly "new" RV was used as a demonstrator at the Phoenix Speedway.

**ANSWER: ARV denies paragraph 63.**

64. If Arizona RV had done the inspection, it would have discovered the rust problem, and should have informed Plaintiff, given that Plaintiff paid $1,200 for the inspection. Alternatively, if Arizona RV did not do the inspection, this means it stole $1,200 from Plaintiff.

**ANSWER:  ARV denies paragraph 64.**

65. Arizona RV also failed to tell Plaintiff that the supposedly "new" RV had its frame rails extended by the manufacturer, which made the RV structurally unsound.  Plaintiff first learned about this defect on or about September 25, 2016, when he surmised that the RV must have been wrecked by Arizona RV. It is only after October 1, 2016, when, being fed up with his inability to have the RV fixed under its warranties, he hired an expert to inspect the RV for multiple problems, and received the expert's report, that Plaintiff learned that the frame rails were extended. In addition, on information and believe, the RV was involved in a pre-sale accident, that damaged its front end, resulting in structural misalignment of its body and paint issues (including "orange peel" condition).  Arizona RV did not tell Plaintiff about this pre-sale damage.

**ANSWER:  ARV denies paragraph 65.**

66. These misrepresentations, concealments, omissions, and suppressions of material facts were unfair and deceptive acts or practices in violation of the Act.

**ANSWER:  ARV denies paragraph 66.**

**WHEREFORE** Defendant Arizona RV Centers, LLC, by counsel, prays for judgment in its favor and against Plaintiff, for the costs of this action and for any other just or proper relief.

> */s/ Trevor Q. Gasper*
> Trevor Q. Gasper (IN 26368-71)
> Counsel for Defendants
> **THOR INDUSTRIES, INC.**
> 601 E. Beardsley Ave.
> Elkhart, IN 46514
> Telephone: (574) 970-7925
> Facsimile: (574) 206-9880
> tgasper@thorindustries.com

## AFFIRMATIVE DEFENSES

Arizona RV Centers, LLC, by counsel, asserts the following affirmative defenses to Plaintiff's Second Amended Complaint:

1. Plaintiff's Second Amended Complaint fails, in whole or in part, to state a claim.  Specifically, Arizona RV sold the unit "as is" and not subject to any warranty, express or implied.

      Conspicuous language to this effect was included in several places within the parties' contracts including the RISC attached to Plaintiff's Second Amended Complaint but also in the actual purchase agreement between the parties which, oddly enough, is not attached to Plaintiff's Second Amended Complaint.  Because Plaintiff's express and implied warranty claims against Arizona RV fail, any allegation of a violation of the MMWA (which is predicated completely on such a breach) also fail.  Likewise, because no warranties were made by ARV, no equitable or legal relief of rescission or for revocation of acceptance is appropriate.

2. Plaintiff fails to allege claims sounding in fraud with specificity.  In addition, Plaintiff's complaint only alleges omissions on the part of ARV and there is no allegation that ARV intended to mislead the Plaintiff.  Moreover, the RV was "new".

3. This Court lacks subject matter jurisdiction as the amount in controversy is less than the minimum jurisdictional amount of $50,000 set forth in 11 U.S.C. 2301, *et. Seq.*

4. Plaintiff's Second Amended Complaint is barred, in whole or in part, by applicable statutes of limitation.  Specifically, the Amended Complaint and Second Amended Complaint were failed after the expiration of the 1 year statute of limitations under Arizona's Consumer Fraud Act as Plaintiff alleges he discovered issues with his unit before September 20, 2015.

5. To the extent Plaintiff's Complaint includes any remedy of rescission or revocation of acceptance, Plaintiff fails to state a claim or viable remedy that Plaintiff is entitled to because both of these remedies require a breach of an express or implied warranty and ARV provided no warranties, express or implied.

6. Plaintiff's claims for breach of warranty are barred to the extent Plaintiff, or an unauthorized third party, altered, abused, misused, modified, neglected, or otherwise damaged the RV.

7. Plaintiff's claims are barred by the failure of conditions precedent, including, but not limited to, failing to properly notify ARV of any alleged defect, malfunction, or failure to conform within a reasonable time after the discovery of such alleged defect, malfunction, or failure to conform.

8. Plaintiff has failed to mitigate his damages, if any, by failing to properly avail himself to the back-up remedy of the warranty or effectuate repairs to the motorhome. Discovery may also reveal additional instances where Plaintiff failed to mitigate his damages.

9. ARV timely, reasonably, appropriately, and conspicuously disclaimed liability for consequential and incidental damages.

10. Plaintiff has failed to give timely notice of breach of warranty and revocation of acceptance and failed to allow a reasonable opportunity to cure.

11. To the extent Plaintiff bases his claims upon alleged warranties, representations, or undertakings beyond those expressly stated in TMC's Limited Warranty or the parties' paperwork, those claims are barred, in whole or in part, by the doctrines of merger, integration, the statute of frauds, and the parol evidence rule.

12. Plaintiff's damages, if any, must be limited or reduced to include an offset for Plaintiff's beneficial use of the motorhome.

WHEREFORE Arizona RV Centers, LLC, by counsel, prays that Plaintiff take nothing by way of his complaint, for judgment in its favor and against Plaintiff, for the costs of this action, and for all other just and proper relief.

*/s/ Trevor Q. Gasper*
Trevor Q. Gasper (IN 26368-71)

**THOR INDUSTRIES, INC.**
601 E. Beardsley Ave.
Elkhart, IN 46514
Telephone: (574) 970-7925
Facsimile: (574) 206-9880
tgasper@thorindustries.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 15, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Dmitry Feofanav, and I hereby certify that I have mailed, by United States Postal Service, the document to the following non CM/ECF participants: <u>N/A</u>.

                  *<u>/s/ Trevor Q. Gasper</u>*