IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA AT SOUTH BEND

| | |
|---|---|
| Kevin Reger,            )<br>            Plaintiff,          )<br>         v.               )<br>Arizona RV Centers, LLC, and  )<br>Thor Motor Coach, Inc.,   )<br>            Defendants.   ) | No.  3:16-cv-778<br>Injunctive relief requested<br>Magistrate Judge Michael G. Gotsch |

**REPLY TO DEFENDANTS' RESPONSE TO**
**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff, Kevin Reger, moved to strike Defendants' affirmative defenses under F.R.C.P. 12(f)(2).  Defendants responded.  Plaintiff replies:

## Introduction

In their opposition to Plaintiff's motion to strike affirmative defenses, Defendants Thor Motor Coach, Inc., and Arizona RV Centers, LLC have misstated the law in this Circuit and have interposed a threadbare defense of their threadbare affirmative defenses. Plaintiff is going to address the affirmative defenses one at a time to show just how inadequate they are. Plaintiff apologizes in advance for any repetition, but this is necessitated by the fact that many of the affirmative defenses alleged by each defendant have apparently been cribbed from each other's pleadings.

1

## Argument

I. **Defendants have misstated the law in the Seventh Circuit concerning the pleading of affirmative defenses**

Defendants claim that affirmative defenses in the Seventh Circuit are not subject the Twombly-Iqbal pleading standards, but this Defendant is mistaken. In one of the leading district-court cases within this Circuit, Edwards v. Mack Trucks, Inc., 301 F.R.D. 382, 386 (N.D. Ill. 2015) (a case with which Plaintiff's counsel is somewhat familiar), the court observed that "While the Seventh Circuit has not addressed whether the *Twombly-Iqbal* standard applies to affirmative defenses, judges in this district have generally found these requirements to apply." Id. at 386.  Edwards has been followed by federal district courts in Illinois ***and*** Indiana. See, e.g., Travelers Indemnity Co. of Connecticut v. College 60 Minute Cleaners, Inc., No. 15-CV-147, 2016 WL 10520837, *6 n. 9 (S.D. Ind. Mar. 29, 2016).  Even before Edwards, numerous district courts within this Circuit reached the same result.  See, e.g., Sarkis' Cafe, 55 F. Supp. 2d at 1040; Shield Tech Corp. v. Paradigm Positioning, LLC, No. 11 C 6183, 2012 WL 4120440, at *8 (N.D. Ill. Sept. 19, 2012) ("[W]e believe that the test applicable to affirmative defenses should reflect current pleading standards, and therefore adopt the majority view that *Twombly* and *Iqbal* apply to affirmative defenses."); Riemer v. Chase Bank USA, N.A., 274 F.R.D. 637, 639-40 (N.D.Ill. 2011) (collecting cases).

## II. Defendants' affirmative defenses consist of denials framed as affirmative defenses or threadbare affirmative defenses that cannot survive the <u>Twombly-Iqbal</u> standard

Plaintiff is going to go through the affirmative defenses one at a time to show that they still do not pass muster.

### A. **Thor Motor Coach, Inc.'s Amended Answer is inadequate**

Turning to paragraph 1.b, Thor alleges that "Plaintiff's Complaint fails to sufficiently allege that Plaintiff availed himself to the back-up remedy under Limited Warranty." Dkt No. 32 at 12. This is not an affirmative defense – it is merely a claim that Plaintiff Kevin Reger has failed to meet an element of one of its claims. Framing this denial as an affirmative defense would give Thor an opportunity to put the claim into the jury instructions twice – once as a denial of the Reger's claims and a second time as a bogus affirmative defense. Moreover, allowing the allegation into the pleadings would multiply proceedings by requiring additional, unnecessary discovery and by requiring duplicative briefing in connection with cross-motions for summary judgment.

Turning to paragraph 1.c, Thor admits that it is basically denying an element of Reger's Magnuson-Moss claim. That is, Thor writes "Plaintiff has also failed to sufficiently allege a violation of the Magnuson Moss Warranty Act." Thus, by Thor's own admission, this is not an affirmative defense.

Turning to paragraph 1.d, Reger does not know what Thor is alleging as an affirmative defense, inasmuch as the entire paragraph makes no sense.

Turning to paragraph 2, Thor denies the jurisdictional amount of $50,000 under Magnuson-Moss. But this too is a claim that has to be affirmatively alleged by Plaintiff to get into federal court and the so-called affirmative defense is merely a denial.

Turning to paragraph 3, Thor claims that the applicable statutes of limitation have expired but fails to allege even a single fact in support. Under <u>Twombly-Iqbal</u>, such an affirmative defense should be stricken.

Turning to paragraph 4, Thor *again* states that "Plaintiff fails to state a claim or viable remedy."  But claiming failure to state a claim is merely another way of denying an allegation.  This is not an affirmative defense.

Turning to paragraph 5, Thor claims that any defects were not reported to Thor within the warranty period, but to show entitlement to warranty coverage, Reger has to prove reporting of any defect within the warranty period. In other words, this is not an affirmative defense – it is a denial.

Turning to paragraph 6 and 8, Thor claims the failure of conditions precedent, which Thor alleges consist of failing to properly notify it of defects in a reasonable time.  But providing notice is an element of the claim, not an affirmative defense.

Turning to paragraph 7, Thor claims that breach-of-warranty claims are barred because someone allegedly did something to harm the motor vehicle after it was sold. But Thor has already inspected the motor vehicle and has not alleged a single fact as to what it is claiming Reger – or someone other than Thor – did to harm the motor vehicle. In other words, no facts have been alleged.  So, while nominally it is an affirmative defense (abuse always is), this pleading is not supported by a single fact.  It should be stricken.

Turning to paragraph 9, Thor claims that Reger's remedies "are limited to repair or replacement of such parts as are specifically covered by the limited warranty."  But this again is not an affirmative defense – it is merely denial of an element or an attempt to claim that a remedy is not allowed and, as such, it should be stricken.

Turning to paragraph 10, Thor alleges a failure to mitigate damages "by failing to avail himself to the back-up remedy or the warranty or effectuate repairs to the motorhome."  Not only are no facts alleged, but this is not an affirmative defense – the duty to mitigate is a matter that is an element of any inquiry into damages and therefore should not be separately alleged as an affirmative defense.

Turning to paragraph 11, Thor again says that Reger "fails to state a claim" for one of his causes of action. Again, this is an attack on the elements of the claim, rather than an affirmative defense.

5

Turning to paragraph 12, Thor alleges good faith and lack of knowledge, but to the extent such allegations are relevant, they are only relevant where they are elements of the claim. For example, to show fraud, Reger must prove intent, but where a plaintiff has to prove intent, an allegation of lack of intent is not an affirmative defense, but merely a denial of an element of the claim.

Turning to paragraph 13, claiming a shield from liability for consequential and incidental damages is merely a denial of an element of a claim. That is, either the claim for relief allows for recovery of consequential or incidental damages and the Court will allow the claim to be pleaded to the jury and put on the verdict sheet, or the Court will find that the claim is not allowed. Defendant does not get to argue a separate affirmative defense on the issue to the jury.

Turning to paragraph 14, Thor has gone to town alleging "erger, integration, the statute of frauds, and the parol evidence rule" in a single omnibus paragraph with no supporting facts. Plaintiff has no idea where to even begin with these defenses and requests that they be stricken.

Finally, turning to paragraph 15, Thor claims that Plaintiff's damages "ust be limited or reduced to include an offset for Plaintiff's beneficial use of the motorhome."  But "offset" is not an affirmative defense. Thor can argue for a reduction in damages for use of the motor home, but Thor is not entitled to

separate jury instructions or to argue a separate "affirmative defense" for the simple reason that "offset" is not an affirmative defense.

Once again, Plaintiff would have had no problems with all of the above if they were denominated as just "defenses" (Defendant is certainly entitled to raise them), but not as "affirmative defenses," which are required to be reflected in jury instructions.  Plaintiff proposed this solution to both Defendants, but they refused.

B. **Arizona RV Centers, LLC's Amended Answer is inadequate**

Turning to paragraph 1 under "Affirmative Defenses," Arizona RV alleges that Plaintiff Kevin Reger "fails, in whole or in part, to state a claim."  But failing to state a claim is *not* an affirmative defense.

Similarly, under paragraph 2, Arizona RV alleges that "Plaintiff fails to allege claims sounding in fraud with specificity." Again, this is not an affirmative defense – this is a claim that the pleadings are not up to snuff. The remedy for this is a motion to dismiss under Fed. R. Civ. P. 12(b)(6), not a separate jury instruction and argument to school a jury on the finer points of federal pleading requirements. This Court should be aware that Defendant already had one bite of the 12(b)(6) apple, and its motion was denied.  Plaintiff does not believe that the rules allow for multiple motions to dismiss.  At a certain point, cases must move forward.

Turning to paragraph 3, Arizona RV denies the jurisdictional amount of $50,000.  But this too is a claim that has to be affirmatively alleged by Plaintiff to get into federal court and the so-called affirmative defense is merely a denial.

Turning to paragraph 4, Arizona RV claims that the applicable statutes of limitation have expired but fails to allege even a single fact in support.  Under <u>Twombly-Iqbal</u>, such an affirmative defense should be stricken.

Turning to paragraph 5, Arizona RV claims that Reger is not entitled to rescission or revocation, but this is merely a claim that "Plaintiff fails to state a claim."  That is, Arizona RV is claiming that Reger has not pleaded enough to be entitled to rescission or revocation, but Arizona RV's allegation demonstrates that this is really a denial rather than an affirmative defense.

Turning to paragraph 6, Arizona RV claims that breach-of-warranty claims are barred because someone allegedly did something to harm the motor vehicle after it was sold.  But Arizona RV has already inspected the motor vehicle and has not alleged a single fact as to what it is claiming Rege4 – or someone other than Arizona RV – did to harm the motor vehicle. In other words, no facts have been alleged.

Turning to paragraphs 7 and 10, Arizona RV claims the failure of conditions precedent, which Arizona RV alleges consist of failing to properly notify it of

8

defects in a reasonable time, but providing notice is an element of the claim, not an affirmative defense.

Turning to paragraph 8, Arizona RV alleges a failure to mitigate damages. Not only are no facts alleged, but this is not an affirmative defense – the duty to mitigate is a matter that is an element of any inquiry into damages and therefore should not be separately alleged as an affirmative defense.

Turning to paragraph 9, Arizona RV claims that Reger's remedies are limited by a disclaimer. But this is not an affirmative defense – it is merely denial of an element or an attempt to claim that a remedy is not allowed and, as such, it should be stricken.

Turning to paragraph 11, Arizona RV has gone to town alleging "merger, integration, the statute of frauds, and the parol evidence rule" in a single omnibus paragraph with no supporting facts.  Plaintiff has no idea where to even begin with these defenses and requests that they be stricken.

Finally, turning to paragraph 15, Arizona RV claims that Plaintiff's damages "must be limited or reduced to include an offset for Plaintiff's beneficial use of the motorhome."  But "offset" is not an affirmative defense. Arizona RV can argue for a reduction in damages for use of the motor home, but it is not entitled to separate jury instructions or to argue a separate "affirmative defense" for the simple reason that "offset" is not an affirmative defense.

9

## Conclusion

Accordingly, Defendants' "affirmative defenses" should be stricken. Once again, Plaintiff has no objection to them remaining in the case if they are denominated as "defenses," but as "affirmative defenses" they do not pass muster.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Strike Defendants' defenses and affirmative defenses as insufficient in law with the final leave to re-plead (i.e., no re-pleading after the third try); and,

B. Grant such other relief as the Court may deem appropriate and equitable.

**KEVIN REGER**

s/ Dmitry Feofanov
CHICAGOLEMONLAW.COM, P.C.
404 Fourth Avenue West
Lyndon, Illinois 61261
Telephone: 815/986-7303
Email: Feofanov@ChicagoLemonLaw.com

**Certificate of Service**

I hereby certify that on February 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- All counsel of record.

                        s/ Dmitry Feofanov

**CHICAGOLEMONLAW.COM, P.C.**
404 Fourth Avenue West
Lyndon, Illinois  61261
Telephone:  815/986-7303
Email: Feofanov@ChicagoLemonLaw.com