UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KEVIN REGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-778-MGG |
| | ) | |
| ARIZONA RV CENTERS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On January 15, 2018, Plaintiff, Kevin Reger ("Plaintiff") filed his Motion to Strike Defendants' Affirmative Defenses pursuant to Fed. R. Civ. P. 12(f). [DE 33]. On January 26, 2018, Defendants, Thor Motor Coach, Inc. ("TMC") and Arizona RV Centers, LLC ("ARV"), filed their joint response. [DE 34]. On February 5, 2018, Plaintiff filed his reply brief[1] and his motion to strike became ripe on March 5, 2018 [DE 36], when Defendants filed their Sur-Reply. [DE 42].

**I.     RELEVANT BACKGROUND**

On November 16, 2016, Plaintiff filed his Complaint alleging various claims against Defendants arising from his purchase of a recreational vehicle ("RV") from ARV on August 21, 2015. Included with the sale of the RV was a warranty that would be carried out by TMC in the event that any of its provisions were triggered.

---

[1] Defendants asked the Court to strike Plaintiff's reply brief because it was three days late according to the briefing deadlines established in N.D. Ind. L.R. 7-1(d)(2)(B). The Court denied Defendants' motion to strike in the interest of justice and allowed Defendants to file a sur-reply. [DE 41].

Plaintiff alleges that ARV deceptively sold him the RV as "new" while the generator actually showed that over 50 hours had been logged on it before the sale. [DE 2 at 2]. He believed that the RV had actually been used as a demo by ARV at RV shows. [*Id.*]. Plaintiff further alleges that he discovered rust on the frame and chassis of the RV, and he additionally disclosed to TMC cracks in the roof which he believed were caused by "excessive flexing and movement of the RV's structure caused by the chassis extension." [*Id.*].

Plaintiff brought a number of claims against Defendants, including various allegations regarding breach of warranty as well as statutory claims under the federal Magnuson-Moss Warranty Act and the Indiana Deceptive Consumer Sales Act ("IDCSA"). Defendants, through shared counsel, each filed an Answer to the Plaintiff's Second Amended Complaint, which denied the vast majority of Plaintiff's allegations and also included twenty-seven affirmative defenses. ARV alleged twelve affirmative defenses while TMC alleged fifteen, many of which read the same or share some overlap. Through the instant motion, Plaintiff asks the Court to strike all twenty-seven of the affirmative defenses brought forth by Defendants for varying reasons.

## II. DISCUSSION

### A. LEGAL STANDARD

An affirmative defense is a pleading and is "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) (citing Black's Law Dictionary, (10th Ed. 2014)). "The court may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) further authorizes a court to strike a pleading or part of a pleading "on its own; or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* "Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them." *Cincinnati Ins. Co. v. Kreager Bros. Excavating, Inc.*, No. 2:12–cv–470-JD-APR, 2013 WL 3147371, at *1 (N.D. Ind. June 18, 2013) (referencing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). The district court retains discretion to determine whether to strike material pursuant to Fed. R. Civ. P. 12(f). *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

District courts across the country disagree as to whether affirmative defenses must meet the heightened "plausibility" standard for complaints as articulated in *Twombly* and *Iqbal* or whether they must meet a lesser standard requiring a court to strike defenses "only when they are insufficient on the face of the pleadings." *Heller*, 883 F.2d at 1294 (quoting from Fed. R. Civ. P. 8(a)). Neither the Seventh Circuit nor the Supreme Court has squarely addressed which standard courts should follow, but the Northern District of Indiana has continued to follow the less stringent standard as described in the Seventh Circuit's *Heller* case. *See, e.g., Taylor v. Chase*, No. 4:16-CV-52-PPS-JEM, 2016 WL 6575072, at *2 (N.D. Ind. Nov. 7, 2016); *Malibu Media, LLC v. Doe*, 1:13–CV–30, 2013 WL 4048513, at *1 (N.D. Ind. Aug. 9, 2013); *Cincinnati Ins. Co.*, 2013 WL 3147371, at *1; *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV-95-PRC, 2012 WL

3

266968, at *2 (N.D. Ind. Jan. 30, 2012). Therefore, while affirmative defenses must contain more than "bare bones conclusory allegations," an affirmative defense supplemented with a brief statement of direct facts or facts inferred from the complaint or answer will defeat a motion to strike. *Heller*, 883 F.2d at 1294.

In determining whether to strike affirmative defenses, this Court has looked to "whether the issue is appropriately stated as an affirmative defense, whether the affirmative defense complies with the pleading requirements of Federal Rule of Civil Procedure 8 [*i.e.*, meets *Heller*], and whether the affirmative defense is capable of surviving a Rule 12(b)(6) analysis." *Cincinnati Ins. Co.*, 2013 WL 3147371, at *1. If a pled defense fails on any part of the analysis, it must be stricken.

**B.  ANALYSIS**

    **1.  Not Appropriately Stated as an Affirmative Defense**

        **a.  Failure to State a Claim**

The First Affirmative Defenses for ARV and TMC claim that the Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted for a variety of reasons (some of which are repeated in later listed defenses).[2] "'Failure to state a claim' is a recognized defense, but it is not an affirmative defense because it does not assume the allegations of the Complaint are true and then articulate a separate reason why the defendant is not liable." *McDowell v. Carroll County, Ind.*, Cause No. 2:14-CV-466, 2015 WL 2131606, at *2 (N.D. Ind. May 7, 2015) (citing *Cottle*, 2012 WL

---

2 The Affirmative Defenses are too long to quote in full. For ARV's First Affirmative Defense, see DE 31 at 11-12, ¶ 1. For TMC's First Affirmative Defense, see DE 32 at 11-12, ¶ 1.

266968, at *3). Here, Defendants simply detail why Plaintiff's allegations fail to state a claim and from what other legal deficiencies the Second Amended Complaint suffers. While these purported affirmative defenses are not devoid of supporting facts, they cannot survive because "failure to state a claim" is not an affirmative defense, especially here where the Defendants have already received a ruling on their Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's claims. [*See* DE 16]. Furthermore, Defendants' Answers are sufficient on their own to establish which of Plaintiff's allegations they find to be legally or factually deficient. Therefore, ARV's and TMC's First Affirmative Defenses are stricken. [DE 31 at 11–12, ¶ 1; DE 32 at 11–12, ¶ 1].

### b. Failure to Plead Fraud with Specificity

ARV's Second Affirmative Defense is in the same family as its first, and states:

> Plaintiff fails to allege claims sounding in fraud with specificity. In addition, Plaintiff's complaint only alleges omissions on the part of ARV and there is no allegation that ARV intended to mislead the Plaintiff. Moreover the RV was 'new.'

[DE 31 at 12, ¶ 2]. Through this defense, ARV alleges that Plaintiff's Second Amended Complaint failed to state a claim of fraud with particularity as required by Fed. R. Civ. P. 9(b). Yet, this heightened pleading standard is used to determine the sufficiency of a fraud claim rather than as an affirmative defense. *Camasta v. Jos. A Bank Clothiers, Inc.*, 761 F.3d 732, 736–37 (7th Cir. 2014). Even if failure to plead fraud with specificity could be considered an affirmative defense, it should have been raised in a 12(b)(6) motion to dismiss. *United Nat'l Records, Inc. v. MCA, Inc.*, 609 F. Supp. 33, 38–39 (N.D. Ill. 1984). Arguably, ARV's failure to raise the Rule 9(b) pleading deficiency in its motion to

dismiss could constitute waiver. *Compare id., with Beneficial Franchise Co., Inc. v. Bank One, N.A.*, No. 00 C 2441, 2001 WL 935606, at *2 (N.D. Ill. Aug. 15, 2001). Additionally, the final statement of the defense alleging that the RV was "new" is simply a denial of paragraph ten in Plaintiff's Second Amended Complaint that the RV was allegedly not new since it was used as a demo in RV shows. [DE 18 at 2, ¶ 10]. Mere denials of one a plaintiff's allegations "are insufficient to survive a motion to strike." *Edwards v. Mack Trucks*, 310 F.R.D. 382, 386 (N.D. Ill. 2015). Therefore, ARV's Second Affirmative Defense is stricken. [DE 31 at 12, ¶ 2]

### c. Mere Denials of Allegations in Plaintiff's Complaint

Several of Defendants' affirmative defenses constitute mere denials of allegations in Plaintiff's complaint. "[A]ffirmative defenses must introduce a new matter or allegation that could serve as the basis for a defense and cannot be merely a denial of the Plaintiff's allegations." *Edwards*, 310 F.R.D. at 387.

#### i. No Warranties and No Privity or Notice

ARV's Fifth Affirmative Defense and TMC's Fourth Affirmative Defense are not identical to each other, but are defended together in Defendants' sur-reply. Therefore, the Court will analyze them together. ARV's Fifth Affirmative Defense alleges that it "provided no warranties, express or implied." [DE 31 at 12, ¶ 5]. TMC's Fourth Affirmative Defense alleges that

> there is no privity of contract between Plaintiff and TMC. Any claim for revocation of acceptance further fails because Plaintiff failed to give timely notice of such revocation of acceptance.

[DE 32 at 13, ¶ 4].

6

For example in paragraph six of the Second Amended Complaint, Plaintiff alleges that "the RV came with Thor's warranty, which was one of the contractual documents in the three-party contract between Plaintiff, Arizona RV Centers, and Thor." [DE 18 at 2]. Additionally, Plaintiff further alleged in paragraph seven, "[t]his warranty was the parties' basis of the bargain and a contractual document establishing privity of contract between Plaintiff and Thor." [*Id.*, ¶ 6–7]. Both Defendants denied those paragraphs of the Second Amended Complaint in their answers. [DE 31 at 2, ¶ 6–7; DE 32 at 2, ¶ 6–7]. Consequently, ARV's Fifth Affirmative Defense and TMC's Fourth Affirmative Defense are unnecessary because they functionally duplicate the denials already stated in Defendants' answers. See *Edwards*, 310 F.R.D. at 386.

Finally, in paragraphs fourteen, fifteen, and sixteen of the Second Amended Complaint, Plaintiff alleges that he notified TMC about the RV's defects and revoked his acceptance and cancelled the contract within a month of purchase. [DE 18 at 2–3, ¶ 14–16]. TMC denies these allegations in its Answer, so the portion of TMC's fourth affirmative defense regarding Plaintiff's notice is likewise unnecessary. [DE 32 at 3–4, ¶ 14–16]. Therefore, ARV's Fifth and TMC's Fourth Affirmative Defenses are stricken. [DE 31 at 12, ¶ 5; DE 32 at 13, ¶ 4].

### ii. Failure of Conditions Precedent

ARV's Seventh Affirmative Defense and TMC's Eighth Affirmative Defense are identical in language and allege:

> Plaintiff's claims are barred by the failure of conditions precedent, including, but not limited to, failing to properly notify [ARV/TMC] of any alleged defect, malfunction, or failure to conform within a reasonable time

after the discovery of such alleged defect, malfunction, or failure to conform.

[DE 31 at 12, ¶ 7; DE 32 at 13, ¶ 8]. In *Landis+Gyr Inc. v. Zurich Am. Ins. Co.,* this Court found that an affirmative defense alleging "that the insured failed to perform all of the obligations, covenants and conditions precedent" was not satisfactorily pled under the *Heller* standard. No. 4:16-CV-82, 2017 WL 951678, at *3 (N.D. Ind. Mar. 10, 2017). This Court reasoned that the defendant could not make "an end-run around Rule 8" by seeking to develop facts in discovery. *Id.* "If a defendant can allege no facts in support of a defense, that defendant must not plead it." *Id.* (citing *Gomez v. J. Jacobo Farm Labor Contr., Inc.,* No. 15-1489, 2016 WL 6143342 (E.D. Cal. 2016)).

Rather than simply claiming that Plaintiff failed to satisfy any or all of the conditions precedent, Defendants here at least assert the alleged fact that Plaintiff failed to reasonably notify them of the RV's defect or malfunction as required under the warranty. However, the lack of proper notification under the warranty is the only named condition precedent Defendants allege Plaintiff failed to satisfy. Moreover, Plaintiff alleged in his Second Amended Complaint that he "notified [TMC and ARV] of the defects in the RV within a reasonable time after [he] discovered the breach" [DE 18 at 4 & 8, ¶¶ 25, 50] and Defendants denied the allegation in their Answer. Therefore, Defendants' allegations in their Seventh and Eighth Affirmative Defenses that Plaintiff failed to properly notify them of issues with the RV are nothing more than duplicate denials of Plaintiff's allegations in the Second Amended Complaint.

8

The remainder of both defenses is a bare bones conclusory allegation that Plaintiff's claims are barred by failure of other conditions precedent. However, there are no accompanying facts or any mention of conditions precedent other than failure to give notice. Therefore, ARV's Seventh and TMC's Eighth Affirmative Defenses are stricken because they merely deny allegations in Plaintiff's Second Amended Complaint that Defendants already denied in their Answers and do not contain sufficient factual allegations to satisfy the *Heller* standard. [DE 31 at 12, ¶ 7; DE 32 at 13, ¶ 8].

### iii. Disclaimer of Liability

ARV's Ninth Affirmative Defense and TMC's Thirteenth Affirmative Defense contain identical language, and allege that Defendants "timely, reasonably, appropriately, and conspicuously, disclaimed liability for consequential and incidental damages." [DE 31 at 13, ¶ 9; DE 32 at 14, ¶ 13]. These affirmative defenses about the warranty do not introduce new information that could serve as a basis for a defense against liability. *See Edwards*, 310 F.R.D. at 387. Yet Plaintiff, in paragraphs nine, twenty-one, forty-five, and forty-six of the Second Amended Complaint, alleges that Defendants attempted to disclaim incidental or consequential damages. Moreover, Defendants denied the allegations in their Answers [DE 31 at 2–4 & 8, ¶¶ 9, 21, 45, 46; DE 32 at 2, 4 & 8, ¶¶ 9, 21, 45, 46] and even explicitly stated that "[s]uch damages were, in fact, disclaimed." [DE 31 at 3; DE 32 at 2]. Accordingly, ARV's Ninth and TMC's Thirteenth Affirmative Defenses are merely reiterations of their denials in their Answers and unnecessary. *See Edwards*, 310 F.R.D. at 386. Therefore, ARV's Ninth and TMC's Thirteenth Affirmative Defenses are stricken. [DE 31 at 13, ¶ 9; DE 32 at 14, ¶ 13].

####  iv.     Notice of Breach and Revocation of Acceptance

ARV's Tenth Affirmative Defense claims that "Plaintiff failed to give timely notice of breach of warranty and revocation of acceptance and failed to allow a reasonable opportunity to cure." [DE 31 at 13, ¶ 10]. Plaintiff alleged that it provided reasonable notice for his breach of warranty and IDCSA claims in paragraphs twenty-five, thirty-eight, forty-one, and fifty of his Second Amended Complaint. [DE 18 at 4–6 & 8, ¶¶ 25, 38, 41, 50]. ARV specifically denied those allegations in its Answer. [DE 31 at 5, 7 & 9, ¶¶ 25, 38, 41, 50]. Due to Plaintiff's allegations and ARV's responses, notice will be an issue and an affirmative defense is not necessary to reserve it as such. Therefore, ARV's Tenth Affirmative Defense is stricken. [*Id.* at 13, ¶ 10].

####  v.     Compliance with IDCSA

TMC's Eleventh Affirmative Defense alleges that Plaintiff's action must fail because "Plaintiff failed to comply with the [Indiana Deceptive Consumer Sales] Act by providing TMC with written notice and an opportunity to cure; and, if the acts at issue are incurable then Plaintiffs failed to plead the elements of fraud with particularity as required by FRCP 9(b)." [DE 32 at 14, ¶ 11]. In paragraphs thirty-eight and forty-one of the Second Amended Complaint, Plaintiff specifically pled that he gave proper notice under the Indiana Deceptive Consumer Sales Act "in writing on October 29, 2017." [DE 18 at 5–6, ¶¶ 38, 41]. TMC denied this paragraph of the Second Amended Complaint in its Answer, and therefore, raising failure to provide notice under the IDCSA as an affirmative defense is not necessary. Moreover, as discussed above within the analysis of ARV's Second Affirmative Defense, failure to plead fraud with specificity is not a

proper affirmative defense. *United Nat'l Records, Inc.*, 609 F. Supp. at 38–39. Hence, TMC's Eleventh Affirmative Defense is stricken. [DE 32 at 14, ¶ 11].

### 2. Does Not Comply with Pleading Requirements of Federal Rule of Civil Procedure 8 under *Heller*

The Seventh Circuit requires a short and plain statement of facts to accompany affirmative defenses in order for them to pass muster under Fed. R. Civ. P. 8. Therefore, affirmative defenses that simply amount to conclusory allegations will be stricken. *Heller*, 883 F.2d at 1294.

TMC's Third Affirmative Defense alleges that Plaintiff's claims are barred by any and all applicable statutes of limitations because the First Amended Complaint and the Second Amended Complaint were filed after said statutes of limitations expired. [DE 32 at 13, ¶ 3]. In *Brown v. Kelly Services, Inc.*, the Northern District of Illinois found insufficient an affirmative defense alleging that "Plaintiff's Complaint is barred because of release, prior judgment, statute of limitations, and/or assignment or other disposition of the claim before the commencement of the action." No. 16 C 11152, 2017 WL 1386188, at *2 (N.D. Ill. Apr. 18, 2017). The court reasoned that this was simply a statement of elements and legal conclusions that would not survive a Rule 12(b)(6) motion to dismiss citing *Iqbal*'s rejection of "threadbare recital of the elements" and *Heller*'s rejection of "bare bones conclusory allegations." *Id.* Similarly, TMC here does not provide any more factual information about which claims were filed after the applicable statutes of limitations and what are the actual applicable limitations.

Therefore, this bare legal conclusion, with nothing more, cannot stand. Accordingly, TMC's Third Affirmative Defense is stricken. [DE 32 at 13, ¶ 3].

ARV's Sixth Affirmative Defense and TMC's Seventh Affirmative Defense identically allege that Plaintiff's claims are barred if Plaintiff or another party "altered, abused, misused, modified, neglected, or otherwise damaged the RV." [DE 31 at 12, ¶ 6; DE 32 at 13, ¶ 7]. The Seventh Circuit has made clear that "[m]isuse concerns whether the breach of warranty was the proximate cause of the damages" and may be properly considered an affirmative defense. *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir. 1990). In *Fort Howard*, the court found the defendants' affirmative defense, which simply claimed that the plaintiff "failed to fulfill its general contractual obligations," was not satisfactory. *Id.* at 1375. While ARV's Sixth Affirmative Defense and TMC's Seventh Affirmative Defenses are more specifically pled than the defense in *Fort Howard*, they amount to bare bones conclusory allegations without any factual support. As such, they do not meet the *Heller* standard. Moreover, ARV and TMC have already inspected the RV at issue and still have not included any facts in support of these defenses. Therefore, ARV's Sixth Affirmative Defense and TMC's Seventh Affirmative Defense are stricken. [DE 31 at 12, ¶ 6; DE 32 at 13, ¶ 6].

ARV's Eleventh and TMC's Fourteenth affirmative defenses are mostly identical in language and both allege that if Plaintiff has claims outside of the TMC warranty or other paperwork, such claims are blocked by "the doctrines of merger, integration, statute of frauds, and the parol evidence rule." [DE 31 at 13, ¶ 11; DE 32 at 14, ¶ 14]. These defenses are legal conclusions lacking a short and plain statement of facts and

failing to allege the necessary elements of the alleged claims. *See Heller*, 883 F.2d at 1295. Defendants do not explain how any of the Plaintiff's listed claims could be described as outside of the warranty or how the listed defenses would apply to such claims. *See Fletcher v. Hoeppner Wagner & Evans, LLP*, No. 2:14-CV-231-RL-PRC, 2015 WL 7016414, at *7–*8 (N.D. Ind. Nov. 12, 2015) (explaining that defendant must allege some facts in support of statute of frauds defense and cannot rely on pure speculation or development of facts in discovery). herefore, ARV's Eleventh and TMC's Fourteenth defenses are stricken. [DE 31 at 13, ¶ 11; DE 32 at 14, ¶ 14].

### 3. Satisfactory Affirmative Defenses

#### a. Lack of Subject Matter Jurisdiction

ARV's Third Affirmative Defense and TMC's Second Affirmative Defenses are identical in language and allege that the "Court lacks subject matter jurisdiction as the amount in controversy is less than the minimum jurisdictional amount of $50,000 set forth in 11 U.S.C. 2301, *et seq*." [DE 31 at 12, ¶ 3; DE 32 at 13, ¶ 2].[3] While perhaps not the ideal pleading, the defendants do provide a reason as to why this Court may not have subject matter jurisdiction, and this suffices to meet the *Heller* standard for pleading affirmative defenses. Moreover, allowing this defense to remain will bring no prejudice to the Plaintiff because the Court must dismiss this case if at any time it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

---

[3] The Court will treat this affirmative defense as contesting the jurisdictional amount in 15 U.S.C. § 2310(d)(3)(B), which codified the Magnuson-Moss Warranty Act.

13

### b. Statute of Limitations

ARV's Fourth Affirmative Defense specifically alleges that Plaintiff's claims under Arizona's Consumer Fraud Act were filed after the one-year statute of limitations had expired. [DE 31 at 12, ¶ 4]. Unlike TMC's Third Affirmative Defenses related to the statute of limitations, stricken above as a conclusory statement that Plaintiff's claims were barred by any and all applicable statutes of limitations, ARV's Fourth Affirmative Defense includes specific facts that bring it in compliance with *Heller*. ARV's statute of limitations defense specifically refers to the timing (one year) and the statute (Arizona Consumer Fraud Act) from which that limit is derived. This short statement of reasoning separates ARV's defense from the bare bones conclusion in TMC's defense.

### c. Failure of Conditions Precedent

TMC's Fifth, Sixth, and Ninth Affirmative Defenses disclaim liability for damages if certain conditions are met. For example, the Fifth Affirmative Defense provides: "To the extent Plaintiff's Second Amended Complaint alleges, or Plaintiff later alleges, the existence of any defect that was not discovered before August 21, 2016 and reported to TMC, Plaintiff's claims based upon these defects are barred by the limitation on the duration of the warranty coverage." [DE 32 at 13, ¶ 5]. TMC's Sixth Affirmative Defense alleges that "Plaintiff's claims for breach of warranty are barred to the extent Plaintiff utilized the RV for commercial or business purposes and such claims arose 90 days after first delivery or after the odometer reached 5,000 miles, whichever occurred first." [*Id.*, ¶ 6]. Finally, TMC's Ninth Affirmative Defense claims "TMC provided a limited warranty only. To the extent Plaintiff's RV requires warranty

repairs, Plaintiff's remedies are limited to repair or replacement of such parts as are specifically covered by the limited warranty." [*Id.*, ¶ 9].

The three affirmative defenses all basically allege that even if TMC did violate the warranty, Plaintiff may not recover (or may limitedly recover) if certain conditions are met. However, these affirmative defenses differ from ARV's Seventh and TMC's Eighth Affirmative Defenses that were stricken above because they simply denied allegations in the Second Amended Complaint. At this time, TMC cannot prove facts showing whether Plaintiff used the RV for commercial purposes, when Plaintiff discovered defects, or whether the repair or replacement of parts are limited by the warranty. However, TMC's Fifth, Sixth, and Ninth Affirmative Defenses clearly lay out its allegations with facts that will be relevant to proving the defenses putting Plaintiff on "notice of additional issue[s] that may be raised at trial." *Fort Howard Paper*, 901 F.2d at 1377.

### d. Failture to Mitigate Damages

ARV's Eighth Affirmative Defense and TMC's Tenth Affirmative Defense read the same and allege that "Plaintiff has failed to mitigate his damages, if any, by failing to properly avail himself to the back-up remedy of the warranty or effectuate repairs to the motorhome." [DE 31 at 13, ¶ 8; DE 32 at 14, ¶ 10]. "[F]ailure to mitigate damages is not an affirmative defense to liability, but it is an affirmative defense that may reduce the amount of damages a plaintiff is entitled to recover after liability has been found." *R.I. Spiece Sales Co. v. Bank One, N.A.*, No. 1:03-CV-175-TS, 2006 WL 978979, at *7 (N.D. Ind. Apr. 12, 2006); *see also A.D.E., Inc. v. Louis Joliet Bank & Trust Co.*, 742 F.2d 395, 397

(7th Cir. 1984) (finding that "failure to mitigate damages" is a partial affirmative defense derived from the defense of "Payment" listed in Rule 8(c) of the Federal Rules of Civil Procedure.) Therefore, while it would not undo Defendants' liability, failure to mitigate damages is still an affirmative defense and works by reducing the potential recovery of Plaintiff. Here, Defendants' affirmative defenses meet the *Heller* standard by providing a short statement of facts, namely that Plaintiff specifically failed to mitigate damages by not utilizing the warranty's back-up remedy or otherwise attempting to fix the RV. See *Taylor v. J P Morgan Chase*, No. 4:16-CV-52-PPS-JEM, 2016 WL 7386618, at *2 (N.D. Ind. Dec. 20, 2016) ("asserting that Plaintiff 'failed to comply with the terms of the subject loan documents' by 'not attempt[ing] to sell the subject property or obtain a new mortgage loan'" was a properly pled affirmative defense). Because failure to mitigate damages is an affirmative defense and Defendants' allegations meet the *Heller* standard, ARV's Eighth and TMC's Tenth Affirmative Defenses stand.

      **e.**      **Setoff**

ARV's Twelfth Affirmative Defense and TMC's Fifteenth Affirmative Defense both allege that "Plaintiff's damages, if any, must be limited or reduced to include a setoff for Plaintiff's beneficial use of the motorhome." [DE 31 at 13, ¶ 12; DE 32 at 14, ¶ 15]. "[W]hether setoff must be pleaded as an affirmative defense or in a counterclaim" has not been clearly resolved in the Northern District of Indiana. *Lock Realty Corp. IX v. U.S. Health, L.P.*, No. 3:06-CV-487RM, 2009 WL 2970330, at *14 (N.D. Ind. Sept. 14, 2009). However, the Seventh Circuit has at least implied that it should be pled as an affirmative defense in accordance with Rule 8(c) by noting that "a setoff is not

16

something the court orders in response to a counterclaim; it is a self-help remedy[; yet] even in a system of notice pleading a party must take some step to make setoff an issue." *Beloit Corp. v. C3 Datatec, Inc.*, 78 F.3d 586 (Table), 1996 WL 102436, at *1–*2 (7th Cir. Mar. 1, 1996) (citing the Eighth and Eleventh Circuits, which have recognized "that setoff is an affirmative defense that must be pleaded under Rule 8(c)."). Therefore, Defendants' "setoff" allegations here can stand as affirmative defenses. Furthermore, despite being very concise, the affirmative defenses alleged here "are sufficient to give Plaintiff notice of the defense," and they make clear that Plaintiff's use of the RV will be a relevant fact moving forward. *Viehweg v. Sirius XM Radio, Inc.*, No. 17-3140, 2018 WL 305318, at *3 (N.D. Ill. Jan. 5, 2018) (finding satisfactory under the *Heller* standard an affirmative defense alleging "[d]efendant is entitled to a set off against any damages alleged by Plaintiff for the amount by which Plaintiff was unjustly enriched by receiving services without compensation therefor").

### f. IDCSA Statutory Affirmative Defense

TMC's Twelfth Affirmative Defense provides that "[a]ny alleged representations constituting unfair or deceptive acts were made in good faith and without knowledge of their falsity." [DE 31 at 14, ¶ 12]. Plaintiff argues that it is unclear whether this affirmative defense is denying elements of one of Plaintiff's claims (and which claim(s) for that matter) or alleging an affirmative defense. However, good faith and lack of knowledge are statutory affirmative defenses to claims brought under the IDCSA. Ind. Code § 24-5-0.5-3(e) (West 2018). While there is not much in light of facts presented by TMC, the Court will allow this affirmative defense to stand because it satisfactorily puts

Plaintiff on notice that good faith and lack of knowledge will be issues for Plaintiff's claims under the IDCSA.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Strike Affirmative Defenses. [DE 33]. Accordingly, the Court **STRIKES** ARV's First, Second, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Affirmative Defenses [DE 31 at 11–13, ¶¶ 1–2, 5–7, 9–11] and TMC's First, Third, Fourth, Seventh, Eighth, Thirteenth, and Fourteenth Affirmative Defenses [DE 32 at 11–14, ¶¶ 1, 3–4, 8, 11, 13–14].

**SO ORDERED.**

Dated this 30th day of May 2018.

                                                       s/Michael G. Gotsch, Sr.
                                                       Michael G. Gotsch, Sr.
                                                       United States Magistrate Judge