**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| KEVIN REGER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARIZONA RV CENTERS, LLC, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | CASE NO. 3:16-CV-778-MGG |

**JOINT SUPPLEMENTAL JURISDICTIONAL STATEMENT**

The parties, by counsel, and in accordance with the Court's Order entered April 21, 2020 [DE 101] provide the following Joint Supplemental Jurisdictional Statement:

1. Whether Plaintiff is domiciled in Illinois or in Nicaragua, Plaintiff is currently unable to prove this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) without further discovery or motion practice.

    a. If Reger is a citizen of Illinois, and assuming Defendants' representations to Plaintiff are true, there is no diversity of citizenship. Defendants have represented to Plaintiff as follows: Arizona RV Centers, LLC is a Minnesota limited liability company with its principal place of business in Arizona. However, in the corporate chain of title above Arizona RV Centers are 8 intermediary LLCs, each being the sole owner of the other. Following the

ownership of these LLCs to their "dead-ends" of individuals or corporations reveals that certain ultimate beneficial owners of Arizona RV Centers, LLC are either individuals domiciled in the state of Illinois or corporations with a principal place of business in Illinois. *See, e.g., Wise v. Wahocvia Sec., LLC*, 450 F.3d 265 (7th Cir. 2006) (Looking through ownership of an LLC at each level of subsequent LLC ownership).   Accordingly, the parties are not diverse.

    b. If Reger is domiciled in Nicaragua, then, as an American citizen domiciled abroad he is "stateless" for purposes of diversity and no diversity jurisdiction exists. *See, e.g., Morgan, Lewis & Bockius LLP v. City of E. Chi.,* 2008 U.S.Dist.LEXIS 88190, *4 (N.D.Ill. 2008) *citing Neeman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

2. This Court does have jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 2310(d)(3)(B) as Plaintiff brings claims for breach of the Magnuson-Moss Warranty Act against each Defendant and the amount in controversy is over $50,000.

    a. Under 15 U.S.C. § 2310(d)(1)(B), a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under Magnuson Moss, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States.

    b. 15 U.S.C. § 2310(d)(3)(B) requires that an amount in controversy of $50,000 "computed on the basis of all claims to be determined in [the] suit" for cases brought before a federal district court.

c. Plaintiff has alleged causes of action against both Thor Motor Coach, Inc. and Arizona RV Centers, LLC for breach of warranty and corresponding violation of the Magnuson Moss Warranty Act. [DE 52, Count II (Magnuson-Moss Warranty Act: Breach of Express Warranty Against Thor) and Count IV (Magnuson-Moss Warranty Act: Breach of Implied Warranty of Merchantability, Equitable and Legal Relief, Against Arizona RV)].

d. Plaintiff seeks revocation of acceptance from Defendant ARV under Counts IV and V and seeks diminution in value damages from Defendant Thor Motor Coach under Count III.

e. In its request for a Joint Supplemental Jurisdictional Statement, this Court states that when a plaintiff seeks revocation of acceptance in an MMWA case, the amount in controversy equals 'the price of the replacement vehicle, minus both the present value of the allegedly defective [vehicle] and the value that the plaintiff received from the use of the allegedly defective [vehicle]." *quoting Schimmer v. Jaguar Cars, Inc.,* 384 F.3d 402, 405-406 (7th Cir. 2004).

f. The "logical" starting point for the first number, the price of the replacement vehicle is the sales price of the product in question. *Brocuglio v. Thor Motor Coach, Inc.*, 2017 U.S.Dist.LEXIS 48499,  *12 (N.D.Ind. 2017) .

g. Plaintiff paid $282,999 for the RV. [DE 52, Third Amended Complaint, ¶ 5].

h. Plaintiff has tendered the expert report of Phillip Grismer in this matter.  It is Mr. Grismer's opinion that, at the time the lawsuit was filed, the present value

of the RV was $68,996.25.[1] [DE 90-3, p. 27 of 105 Exhibit C, Expert Opinion of Phil Grismer].[2]

    i. Thus, Plaintiff seeks over $210,000 in damages through this lawsuit;

    j. Further, the Parties agree that the value of Plaintiff's use of the RV will not reduce the amount in controversy, from Plaintiff's perspective, to below $50,000.

    k. Based on this, it is not possible to say with certainty that it is legally impossible for plaintiffs' damages to reach $50,000. *See Brocuglio*, 2017 U.S.Dist.LEXIS 48499 at *14.

3. This Court has pendant jurisdiction over the remaining state law claims under 28 U.S.C. § 1367 as those claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

| | |
|---|---|
| /s/ Phillip A. Luetkehans | */s/ Trevor Q. Gasper* |
| Phillip A. Luetkehans (IL 6198315) | Trevor Q. Gasper (IN 26368-71) |
| LUETKEHANS, BRADY, GARNER & ARMSTRONG, LLC<br>105 East Irving Park Road<br>Itasca, IL 60143<br>Telephone: 630-773-8500<br>pal@lbgalaw.com | **THOR INDUSTRIES, INC.**<br>601 E. Beardsley Ave.<br>Elkhart, IN 46514<br>Telephone: (574) 970-7925<br>Facsimile: (574) 206-9880<br>tgasper@thorindustries.com |
| Attorney for Plaintiff | Attorney for Defendants |

---

[1] Of course, Defendants contest this valuation and had proffered their own expert opinion that the RV does not have any diminished value.
[2] Mr. Grismer's opinion is dated October 1, 2016. This lawsuit was initiated on November 16, 2016.