UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN REGER, <br><br> Plaintiff, <br><br> v. <br><br> ARIZONA RV CENTERS, LLC, et al., <br><br> Defendants. | CASE NO. 3:16-CV-778-MGG |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Kevin Reger's Motion to Reconsider filed on April 9, 2021. Reger's motion seeks reconsideration of the Court's summary judgment decision [DE 106], which became ripe on April 30, 2021, after Reger filed a reply brief. The undersigned issues the following order denying Reger's Motion to Reconsider pursuant to the consent of the parties and 28 U.S.C. § 636(c).

**I.    RELEVANT BACKGROUND**

Reger's claims in this case arise from defects he discovered on a recreational vehicle ("RV"), manufactured by Defendant Thor Motor Coach, Inc. ("Thor"), that he purchased from Defendant Arizona RV Centers, LLC ("ARV") doing business as Camping World of Mesa, AZ on August 21, 2015. In its Opinion & Order dated January 26, 2021, this Court granted summary judgment to ARV on all claims and granted partial summary judgment to Thor. Invoking Fed. R. Civ. P. 54(b), Reger argues that the January 2021 Opinion & Order includes manifest errors of law and fact that justify

reconsideration and denial of ARV's and Thor's motions for summary judgment. Specifically, Reger contends that the Court:

(1) improperly weighed witnesses' credibility in granting partial summary judgment to Thor;

(2) erred in relying on the Purchase Agreement and finding that the Purchase Agreement is incorporated into the Retail Installment Sales Contract Agreement ("RICSA");

(3) improperly shifted the burden to Reger regarding the condition of the RV; and

(4) improperly weighed Reger's credibility in evaluating the chassis warranty claim.

[DE 110 at 1].

## II. ANALYSIS

Fed. R. Civ. P. 54(b) allows for revision of any order or other decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, "before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *see also, e.g., Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). However, the Seventh Circuit has repeatedly held that "motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.* 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted). Motions for reconsideration are not to be used to advance arguments that the Court has already addressed and decided. *See Caisse*

*Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Moreover, "motions to reconsider are not appropriate vehicles to advance . . . new legal theories not argued before the ruling." *Stodola v. Finley & Co.*, No. 2:05-CV-464-PRC, 2008 WL 3992237, at *5 (N.D. Ind. Aug. 21, 2008)

### A. Witness Credibility

Reger argues that in concluding that his rust/corrosion claim and frame rail extension claim were excluded from Thor's warranty, the Court improperly relied upon its own credibility assessment of Reger's deposition testimony and the affidavit of Thor's Technical Manager, Mark Stanley. According to Reger, the Court favored the evidence presented in the Stanley Affidavit over Reger's testimony about the location of rust on the RV. Reger further contends that the Court contradicted itself by finding the terms of Thor's warranty unambiguous but then relying upon the Stanley Affidavit to determine what the warranty covered and whether Reger's claims were covered.

Indeed, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). With that said, the nonmoving party must present sufficient evidence to show the existence of each element of any claim or defense for which it will be the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Put another way, "there is no issue

3

for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249 (citations omitted). Summary judgment may be granted if the nonmovant's evidence is "merely colorable . . . or is not significantly probative." *Id.* Despite Reger's protestations, the Court applied this standard when considering Reger's deposition testimony and the Stanley Affidavit on the key issue of rust location.

Reger's claim was that rust on the RV was covered under Thor's warranty and that Thor breached that warranty as to the rust. The Court considered Reger's argument, along with the limited evidence he designated in support of his position, and concluded that Thor's warranty was unambiguous as to the exclusion of rust on the chassis and power train and the exterior or finish. [DE 106 at 13–19]. The only possible question of fact was where the rust was located on the RV and whether that location was on the chassis, power train, exterior, or finish of the RV. Consistent with all summary judgment standards, the Court considered the evidence designated by both parties on the location of the rust. The problem was that Reger only designated evidence as to the location of the rust without making any connection between that location and the chassis, power train, exterior, or finish. Further, Reger developed no evidence or argument to support its request for the Court to disregard the Stanley Affidavit. [DE 106 at 18 (finding that Reger waived any argument to disregard the Stanley Affidavit)].

Thus, the Court's analysis did not result in any credibility determination. Rather, the Court essentially found that Reger's designated evidence on whether the rust was

4

excluded under Thor's warranty was not significantly probative of the element of coverage for which he would carry the burden of proof at trial. [*Compare* DE 106 at 13–19, *with Anderson*, 477 U.S. at 249.] Said another way, the Court considered all the evidence and found that Reger did not "put up" evidence that would convince a trier of fact to accept his position on coverage. *See Hammell v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005). Accordingly, without a showing of coverage, Reger failed to show the existence of each element of his claim justifying the Court's grant of summary judgment to Thor on the rust claim. *See Celotex*, 477 U.S. at 322–23.

### B. Purchase Agreement

In the instant Motion, Reger also disagrees with the Court's conclusions about the relationship between the Purchasing Agreement and RICSA, which governed his purchase of the RV. In support, Reger merely rehashes arguments already rejected by the Court. Such disagreement without any showing of a manifest error of law or fact is not grounds for reconsideration. *See Caisse Nationale de Credit Agricole,* 90 F.3d at 1270. Moreover, Reger has not presented any newly discovered evidence worthy of consideration. *Publishers Res., Inc.*, 762 F.2d at 561. Therefore, the Court's conclusions stand. As such, there is nothing for the Court to reconsider vis-à-vis the Purchase Agreement.

### C. Summary Judgment Burden

Reger's third challenge to the Court's summary judgment Opinion & Order reflects his concern that the Court improperly shifted the summary judgment burden to him on his revocation of acceptance claim against ARV. On a motion for summary

judgment, "[t]he movant bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990). To demonstrate the absence of a triable issue, the movant must direct the court to portions of the record or affidavits that preclude any such issue. *Celotex*, 477 U.S. at 323. Alternatively, the movant can meet is burden by showing "an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the movant meets its burden, the burden then shifts to the nonmovant to designate facts establishing the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Co.*, 475 U.S. 574, 586–87 (1986). "Any doubt as to the existence of a genuine issue for trial is resolved against the moving party." *Becker*, 914 F.2d at 110 (citing *Anderson*, 477 U.S. at 255).

Here, Reger contends that ARV did not meet its burden to present evidence to support its assertion that the condition of the RV substantially changed—a central element of his revocation of acceptance claim. As such, Reger argues the Court should have stopped the analysis and denied summary judgment regardless of any evidence he may or may not have designated. Reger suggests that instead, the Court required him to present evidence to refute ARV's implication of a change in the condition of the RV even though ARV presented no such evidence and in so doing, improperly shifted the summary judgment burden onto him. Reger misreads the Court's Opinion & Order.

While it's true that ARV designated very little evidence of a substantial change in the condition of the RV, Reger presented even less. As the Court noted, ARV designated as evidence of substantial change the mileage of the RV between the date of Reger's

6

purchase in August 2015 and the date of his alleged revocation letter in October 2016.

[DE 106 at 61]. The Court recognized the limitations of ARV's mileage evidence when it stated

> ARV asks the Court to infer that there was a substantial change to the condition of the RV. While that is a plausible inference, ARV designates no evidence to support such a conclusion. A substantial change in the condition of an RV should be relatively easy to document by comparing purchase records with service records and by deposition testimony from RV service professionals or even an expert opinion. ARV designates none of this basic evidence.

[DE 106 at 61]. The Court then went on to explain that the only evidence of no substantial change in the RV designated by Reger was irrelevant.

> As for evidence specific to the condition of his RV, Reger only reference Dr. Grismer's [expert opinion] testimony that the condition of the RV did not change between his first inspection in October 2016 and his second inspection in August 2017. This is irrelevant to determining whether the condition of the RV changed substantially between the time of sale in August 2015 and the time of the revocation letter at the end of October 2016.

[DE 106 at 62].

Reger improperly assumes that the Court found that ARV presented no evidence of a substantial change in the condition of the RV. The Court did no such thing. The Court clearly accepted the RV's mileage as evidence from ARV as to substantial change. While acknowledging that the evidence was not as strong as it could have been, the Court did not reject the evidence as irrelevant or otherwise inadmissible.

Moreover, Reger attempts to hide his own failure to submit any relevant or admissible evidence on the question of substantial change by arguing that whether the condition of the RV substantially changed is a question of fact to be decided by a jury.

7

[*See* DE 111 at 5–6; DE 113 at 7]. Clearly, the question of substantial change could be a question of fact and, usually, questions of fact are left to the jury. However, before a question of fact is susceptible to jury determination, a party must first establish that a genuine issue of material fact exists. "[T]o demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." *F.T.C. v. Think Achievement Corp.*, 144 F. Supp. 2d 993, 996 (N.D. Ind. 2000) (citing *Matsushita*, 475 U.S. at 576). This is where Reger once again failed. He produced no evidence upon which a trier of fact could conclude that there was no substantial change in the condition of the RV.

Thus, the Court applied the proper standard regarding burden of proof when deciding to grant summary judgment to ARV on Reger's revocation of acceptance claim. And Reger's argument that the Court's decision is inconsistent with the duty to mitigate by one who revokes acceptance of a good merely rehashes his cursory argument in response to ARV's summary judgment motion. [DE 88 at 14]. Here, on reconsideration, Reger expands his argument beyond the scope of his original summary judgment response brief. [*Compare* DE 111 at 6, DE 113 at 7–8, *with* DE 88 at 14]. Yet, Reger is not entitled to a second bite at the apple for failing to develop his argument fully at the summary judgment phase. "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel*, 407 F.3d at 859. The Court's Opinion & Order reflects its conclusions about

8

Reger's failure to meet his burden; it does not improperly shift the summary judgment burden from ARV to Reger on the revocation of acceptance claim.

### D. Reger's Credibility

In granting summary judgment to ARV on Reger's Arizona Consumer Fraud Act ("ACFA") claim, the Court found two of Reger's designated statements contradictory and disregarded them consistent with the "sham affidavit" rule. *See Beckel v. Wal-Mart Assocs., Inc.*, 301 F.3d 621, 623 (7th Cir. 2002). Specifically, in an affidavit, Reger stated that an ARV representative told him that the RV came with a chassis warranty from Freightliner when he was negotiating the RV purchase and at his deposition, Reger testified that at the time of the purchase he believed the only warranty was through Camping World. [*See* DE 106 at 72 (citing DE 88-3 at 374, ¶ 17; DE 82-1 at 54–55)]. The Court then granted summary judgment after finding no evidence of any representation or any misrepresentation necessary to establish an ACFA claim. [DE 106 at 73–74]. Based on this analysis, Reger argues that the Court made an improper credibility analysis when disregarding Reger's affidavit and deposition testimony.

Once again, Reger mischaracterizes the Opinion & Order. The Court must assess the consistency of deposition testimony with subsequent affidavits to apply the sham affidavit rule. *Cf. Beckel*, 301 F.3d at 623. Reger's credibility argument is therefore misplaced. Fundamentally, Reger is again ignoring his own failure to present sufficient evidence to survive summary judgment. As such, his credibility argument only disguises his attempt to take a second bite at the apple on his AFCA claim because he

9

disagrees with the Court's conclusion about the inconsistency of his testimony and affidavit—an improper purpose for a motion to reconsider.

### III. CONCLUSION

Without any showing of manifest error of law or fact or any newly discovery evidence relevant to Defendants' motions for summary judgment already decided, Reger's Motion to Reconsider is **DENIED**. [DE 110].

The Court **SETS** a telephonic scheduling conference for **November 10, 2021**, at **11:30 a.m. (E.D.T.)** for the purpose of scheduling a trial on Reger's remaining ISCSA claims against Thor. To connect to the conference, parties should dial 877-336-1828, and enter access code 5433302# at least five minutes before the conference start time.

**SO ORDERED** this 30th day of September 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge